IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 SEP 21 A 11: 46

CLERK
SO. DIST. OF GA.

OTIS PARIS,

Petitioner,

vs.

CIVIL ACTION NO. CV205-034

UNITED STATES OF AMERICA and
JOSE VASQUEZ, Warden,

Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Otis Paris ("Paris"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Paris has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a jury trial, Paris was convicted in the Eastern District of Michigan on February 1, 1996, of: one count of conspiracy to possess with intent to distribute and to distribute crack cocaine; one count of distribution of cocaine base; one count of aiding and abetting in the distribution of cocaine base; and one count of attempted distribution of cocaine, in violation of 21 U.S.C.A. §§ 2, 841, and 846. Paris was sentenced to a term of 210 months' imprisonment on each count, to be served concurrently, as well as to five years' supervised release on June 17, 1996. (CR2:95-80225, Dkt. Nos. 34 and 54.) Paris filed an appeal,

AO 72A
(Rev. 8/82)

and the Sixth Circuit Court of Appeals affirmed his convictions and sentences. United States v. Paris, 145 F.3d 1334 (6th Cir. 1998) (unpublished). On October 5, 1999, Paris filed a motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255 in the Eastern District of Michigan, and that court denied this motion on August 28, 2000. (CR2:95-80225, Dkt. Nos. 86 and 107.) Paris filed a notice of appeal, and the Sixth Circuit denied him a certificate of appealability. (CR2:95-80225, Dkt. Nos. 111 and 119.) Paris then filed a FED. R. CIV. P. 60(b) motion for relief from judgment on October 25, 2002. (CR2:95-80225, Dkt. No. 120.) The Eastern District of Michigan court transferred the motion to the Sixth Circuit, as this motion was construed as a second or successive section 2255 motion. (CR2:95-80225, Dkt. No. 130.) The Sixth Circuit declined to grant Paris permission to file a successive § 2255 motion. (CR2:95-80225, Dkt. No. 146.)

Paris, in the instant petition, generally alleges that he was denied effective assistance of counsel during his pre-trial, trial, sentencing, and appellate proceedings. Paris also alleges that the indictment was defective, and that there was insufficient evidence to convict him of the conspiracy claim. Paris contends that his Fourth Amendment rights were violated. Paris also contends that the Government is guilty of subornation of perjury. Paris asserts that his sentence does not comport with the Fifth and Sixth Amendments in light of the Supreme Court's recent decision in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Finally, Paris asserts that the Magistrate Judge's resolution of dispositive matters needed an Article III judge's review and approval before it became effective.

Respondent avers that Paris' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Paris has not shown that he is entitled to use

2

section 2255's savings clause to proceed under § 2241. Second, Respondent contends that neither Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), nor Booker applies retroactively to cases on collateral review. (Mot. to Dismiss, p. 4.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Paris has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. He contends that the remedy afforded by section 2255 is inadequate

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

or ineffective to test the legality of his detention because the district judge failed to make written findings of fact based on the contentions Paris raised in his opposition to the magistrate judge's report and recommendation. (Mem., pp. v-vi.) Paris also contends that the factual determination of the district court is not fairly supported by the record as a whole. (Mem., p. vii.) Paris further contends that the Sixth Circuit Court of Appeals' denial of permission to file a successive section 2255 motion renders the remedy afforded by that section inadequate or ineffective. (Mem., p. viii.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

AO 72A
(Rev. 8/82)

applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Paris bases some of the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Paris was sentenced in the Eastern District of Michigan on June 17, 1996. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Paris to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989), despite his contentions to the contrary.

The Supreme Court has found that, when one of its decisions announces a new rule, "the rule applies only in limited circumstances" in cases of "convictions that are already final." Schriro v. Summerlin, 542 U.S. 348, ___, 124 S. Ct. 2519, 2522, 159 L. Ed.2d 442 (2004). The Supreme Court distinguished between new substantive rules, which generally apply retroactively, and new procedural rules, which generally do not apply retroactively. 542 U.S. at ___, 124 S. Ct. at 2522-23. The Court noted that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons the law punishes . . . . In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." 542 U.S. at ___, 124 S. Ct. at 2523 (Emphasis in

5

original). New procedural rules are given "retroactive effect" if they represent the "small set of 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (citing Teague, 489 U.S. at 311, 109 S. Ct. at 1076).

The Supreme Court's holdings in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), Blakely, and Booker are procedural rules which do not alter the range of conduct which subjects a defendant to punishment. Assuming without deciding that these three cases present a new rule, a new rule is not applied retroactively to cases on collateral review for purposes of authorizing a second or successive § 2255 motion until the Supreme Court expressly states that it should be applied retroactively. Dean, 375 F. 3d at 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)). In addition, the Eleventh Circuit Court of Appeals has determined that Apprendi, Blakely, and Booker do not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005).

Paris has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the courts in his previously filed matters either rejected or declined to entertain Paris' claims does not render section 2255's remedy inadequate or ineffective. Paris has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. It is unnecessary to address Paris' allegation of actual innocence[2], as he has failed to show

---

[2] Paris makes this allegation in his Response to Respondent's Motion to Dismiss. (Doc. No. 13.)

that he has met the savings clause of section 2255. See Townsend v. McFadden, No. 04-15881, 2005 WL 2141805, at *1 (11th Cir. Sept. 7, 2005) (unpublished) (noting that a petitioner cannot argue that he is actually innocent until after he has shown that the savings clause applies).

In sum, Paris cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Paris is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 8) be **GRANTED**, and Paris' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)