IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

OTIS PARIS,

    Petitioner,

vs.

UNITED STATES OF AMERICA and
JOSE VASQUEZ, Warden,

    Respondents.

CIVIL ACTION NO. CV205-034

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Paris asserts that the Magistrate Judge improperly analyzed his petition under the rules applicable to a motion to dismiss. Paris also asserts that he has shown he is entitled to invoke the savings clause of 28 U.S.C.A. § 2255 because two courts have already denied him relief. Thus, Paris alleges, the remedy afforded by § 2255 is inadequate or ineffective. Paris also alleges that a report and recommendation which merely states general conclusions of law is without merit. Paris contends that Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), are retroactively applicable to cases on collateral review. In support of this contention, Paris cites to Dodd v. United States, 365 F.3d 1273 (11th Cir. 2004).

AO 72A
(Rev. 8/82)

In <u>Wofford v. Scott</u>, 177 F.3d 1236 (11th Cir. 1999), the Eleventh Circuit Court of Appeals held that the savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford</u>, 177 F.3d at 1244. The Eleventh Circuit also held that "the *only* sentencing claims that may *conceivably* be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." <u>Id.</u> at 1245 (emphasis supplied). It is only when a petitioner satisfies the savings clause of section 2255 that the "portal to a § 2241 proceeding" is opened. <u>Id.</u> As the Magistrate Judge noted, Paris fails to satisfy the savings clause of § 2255. See <u>Wofford</u>, 177 F.3d at 1244.

In <u>Dodd</u>, the Eleventh Circuit Court of Appeals noted that within the meaning of 28 U.S.C.A. § 2255, ¶6(3), once the Supreme Court has rendered a decision which creates a newly recognized right, any court "other than the Supreme Court can make the retroactivity decision for purposes of" this Code section. <u>Dodd</u>, 365 F.3d at 1278. The statute of limitation period begins to elapse for purposes of this Code section from the date the Supreme Court initially recognizes a new right. However, "§ 2255[,¶6](3) provides a narrow exception which can be relied upon *only* when the new right recognized by the Supreme Court can be retroactively applied on collateral review." <u>Id.</u> at 1279 (emphasis supplied). Paris' reliance on <u>Dodd</u> is misplaced, as <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> are not retroactively applicable to cases on collateral review. See <u>Varela v. United States</u>, 400

2

F.3d 864, 867 (11th Cir. 2005). Paris' reliance on Dodd is also misplaced because his habeas petition does not raise any statute of limitation concerns.

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Respondent's Motion to Dismiss (Doc. No. 8) is **GRANTED**. Paris' petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 6th day of October, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA